IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **OMNISURE GROUP, LLC**, a Delaware Limited Liability Company registered to do business in Illinois,<br><br>           Plaintiff,<br><br>  v.<br><br>**IMPERIAL AUTO PROTECTION, LLC,** a Missouri Limited Liability Company, **SHERRY NELSON**, an individual, **MICHAEL NELSON**, an individual, **CHRISTOPHER SENN**, an individual, and **JOHN CONLON**, an individual,<br><br>           Defendants. | No.<br><br><br><br><br><br>*ad damnum*: **$320,198.54** plus additional amounts and interest that continue to accrue |

## COMPLAINT

  NOW COMES the plaintiff OMNISURE GROUP, LLC, a Delaware Limited Liability Company registered to do business in Illinois ("Omnisure") and complains of the defendants IMPERIAL AUTO PROTECTION, LLC, a Missouri Limited Liability Company ("Imperial"), SHERRY NELSON, an individual ("Sherry"), MICHAEL NELSON, an individual ("Michael"), CHRISTOPHER SENN, an individual ("Christopher"), and JOHN CONLON, an individual ("John")(Sherry, Michael, Christopher, and John are collectively referred to as "Guarantors")(Imperial and Guarantors are collectively referred to as "Defendants") for breach of contract, and in support thereof alleges as follows:

### PARTIES AND JURISDICTION

  1.  Omnisure is a Delaware Limited Liability Company registered to do business in Illinois with its pricipal office located at 205 W. Wacker, 15th Floor, Chicago, Cook County, Illinois 60606.

2. Imperial is a Missouri Limited Liability Company with its principal office located at 1529 S. Old Hwy 94**,** Suite 110**,** Saint Charles, Saint Charles County, Missouri 63303.

3. Sherry, upon information and belief, resides in the State of Missouri.

4. Michael, upon information and belief, resides in the State of Missouri.

5. Christopher, upon information and belief, resides in the State of Missouri.

6. John, upon information and belief, resides in the State of Missouri.

7. This court has subject matter jurisdiction pursuant to 28 U.S.C. 1332(a)(2) because Omnisure is the resident of Illinois, all Defendants are residents of the State of Missouri, and the amount in controversy exceeds $75,000.00.

### FACTS COMMON TO ALL COUNTS

8. Sherry, Michael, Christopher, and John, are or were formerly members of Imperial.

9. On or about March 7, 2012, Omnisure and Imperial entered into an agreement wherein Omnisure would, among other things, provide financing and servicing for vehicle warranty products sold by Imperial (the "Imperial Seller Agreement"). A copy of the Imperial Seller Agreement is attached hereto as **Exhibit A** and incorporated by reference as if fully restated herein.

10. Sherry signed the Imperial Seller Agreement on behalf of Imperial.

11. On March 7, 2012, contemporaneous to the execution of the Imperial Seller Agreement, Omnisure and Imperial executed a security agreement granting Omnisure a security interest in all of Imperial's assets (the "Imperial Security Agreement"). A copy of the Imperial Security Agreement is attached as **Exhibit B** and incorporated by reference as if fully restated herein.

12. Sherry signed the Imperial Security Agreement on behalf of Imperial.

13. On March 7, 2012, contemporaneous to the Imperial Security Agreement and Imperial Seller Agreement, Sherry entered into an agreement with Omnisure to personally guaranty and promise payment to Omnisure for Imperial's obligations under the Imperial Seller Agreement (the "Sherry Guaranty"). A copy of the Sherry Guaranty is attached as **Exhibit C** and incorporated by reference as if fully restated herein.

14. Pursuant to the Imperial Seller Agreement, Imperial sold vehicle warranty products to consumers on an installment payment plans. (Ex A.)

15. Pursuant to the Imperial Seller Agreement, Omnisure financed the purchase of vehicle warranty products sold by Imperial. (Ex. A.)

16. Pursuant to the Imperial Seller Agreement, Omnisure advanced commissions to Imperial when it sold vehicle warranty products even though the consumers had not fully paid for the purchased vehicle warranty products ("Advanced Commissions"). (Ex. A.)

17. Pursuant to the Imperial Seller Agreement, Imperial is obligated to repay Omnisure for Advanced Commissions that it did not earn when a consumer did not fully pay for a purchased vehicle warranty product ("Unearned Advanced Commissions"). (Ex. A.)

18. Pursuant to the Imperial Seller Agreement, Omnisure withheld a portion of the Advanced Commissions in a reserve account ("Reserve Account"). (Ex. A.)

19. The purpose of the Reserve Account was to allow Omnisure to offset Unearned Advanced Commissions against future payments to Imperial. (Ex. A.)

20. On or about September 14, 2012, Omnisure and Imperial executed an amendment to the Imperial Seller Agreement modifying the advance rates defined in the Imperial Seller Agreement ("First Amendment"). A copy of the First Amendment is attached as **Exhibit D** and incorporated by reference as if fully restated herein.

21. On or about April 22, 2013, Omnisure and Imperial executed an amendment to the Imperial Seller Agreement's schedule further modifying the advance rates and cancelation fees defined in the Imperial Seller Agreement ("First Schedule Amendment"). A copy of the First Schedule Amendment is attached as **Exhibit E** and incorporated by reference as if fully restated herein.

22. On or about July 10, 2013, Omnisure advanced $100,000 to Imperial in excess of Omnisure's obligation the Imperial Seller Agreement and its amendments (the "Reserve Advance Letter"). A copy of the Reserve Advance Letter is attached as **Exhibit F** and incorporated by reference as if fully restated herein.

23. On or about October 31, 2013, Omnisure and Imperial executed a third amendment to the Imperial Seller Agreement ("Third Amendment"). A copy of the Third Amendment is attached as **Exhibit G** and incorporated by reference as if fully restated herein.

24. On or about December 27, 2013, Omnisure and Imperial executed a fourth amendment to the Imperial Seller Agreement ("Fourth Amendment). A copy of the Fourth Amendment is attached as **Exhibit H** and incorporated by reference as if fully restated herein.

25. On or about February 13, 2013, Omnisure and Imperial executed a fifth amendment to the Imperial Seller Agreement ("Fifth Amendment"). A copy of the Fifth Amendment is attached as **Exhibit I** and incorporated by reference as if fully restated herein.

26. On or about July 2, 2014, Omnisure entered into a promissory note with Imperial, Sherry, Michael, Christopher, and other entities for $250,000.00 ("Promissory Note"). A copy of the Promissory Note is attached as **Exhibit J**.

27. On or about August 14, 2014, Omnisure and Imperial executed a sixth amendment to the Imperial Seller Agreement ("Sixth Amendment"). A copy of the Sixth Amendment is attached as **Exhibit K** and incorporated by reference as if fully restated herein.

28. On or about September 24, 2014, Omnisure entered into an agreement with Christopher (the "Christopher Guaranty") to guaranty the obligations the Imperial under the Imperial Seller Agreement, as amended. A copy of the Christopher Guaranty is attached as **Exhibit L** and incorporated by reference as if fully restated herein.

29. On or about September 24, 2014, Omnisure entered into an agreement with Sherry and Michael (the "Nelson Guaranty") to guaranty the obligations the Imperial under the Imperial Seller Agreement as amended. A copy of the Nelson Guaranty is attached as **Exhibit M** and incorporated by reference as if fully restated herein.

30. On or about October 2, 2014, Omnisure and Imperial executed a seventh amendment to the Imperial Seller Agreement ("Seventh Amendment"). A copy of the Seventh Amendment is attached as **Exhibit N** and incorporated by reference as if fully restated herein.

31. On or about October 10, 2014, Omnisure entered into an agreement with John (the "John Guaranty") to guaranty the obligations the Imperial under the Imperial Seller Agreement as amended. A copy of the John Guaranty is attached as **Exhibit O** and incorporated by reference as if fully restated herein.

32. On or about May 15, 2015, Imperial's Reserve Account was depleted and to the contrary was indebted to the Omnisure for $290,692.32 pursuant to the terms of the Imperial Seller Agreement as amended.

33. On or about May 15, 2015, Omnisure sent a letter to Imperial and the Guarantors a letter seeking repayment of the indebtedness, but no party has made payment to Omnisure.

34. The amounts due to Omnisure by Imperial under the Seller Agreement as amended continues to accrue.

### COUNT I – BREACH OF THE IMPERIAL SELLER AGREEMENT
### (against Imperial)

35. Paragraphs 1-34 above, are incorporated by reference as if fully restated herein this Count I.

36. The Imperial Seller Agreement, as amended, requires Imperial to pay Omnisure for the services that it provided to Imperial (the "Services Rendered").

37. The Imperial Seller Agreement, as amended requires Imperial to repay Omnisure for Unearned Advanced Commissions.

38. As of October 7, 2015, the total amount due to Omnisure from Imperial for Services Rendered and Unearned Advanced Commissions was $320,198.54.

39. The amount due to Omnisure from Imperial for the Services Rendered and Unearned Advanced Commissions continues to accrue.

40. Imperial's failure to timely pay Omnisure for the Services Rendered is a material breach of the Imperial Seller Agreement, as amended.

41. Imperial's failure to timely repay Omnisure for the Unearned Advanced Commissions is a material breach of the Imperial Seller Agreement, as amended.

42. Omnisure has made due demand on Imperial to pay the past due amounts, but Imperial has failed to make payment.

**WHEREFORE** the Plaintiff Omnisure Group, LLC respectfully requests that this court enter judgment against Imperial Auto Protection, LLC for **$320,198.54** plus additional amounts and interest that continue to accrue, attorneys' fees, and for any other relief this court deems appropriate.

### COUNT II– BREACH OF THE SHERRY GUARANTY
**(against Sherry)**

43. Paragraphs 1-42 above, are incorporated by reference as if fully restated herein this Count II.

44. Sherry signed the Sherry Guaranty in her personal capacity.

45. Sherry, by signing the Sherry Guaranty Agreement, promised to pay all debts owed by Imperial to Omnisure under the Imperial Seller Agreement, as amended

46. Sherry is obligated to pay Omnisure for all amounts due to Omnisure by Imperial.

47. Omnisure has made due demand on Sherry to pay these amounts but Sherry has failed to pay.

48. Sherry's failure to pay Omnisure for all amount due to Omnisure from Imperial is a breach of the Sherry Guaranty Agreement.

**WHEREFORE** the Plaintiff Omnisure Group, LLC respectfully requests that this court enter judgment against Sherry Nelson for **$320,198.54** plus additional amounts and interest that continues to accrue, attorneys' fees, and for any other relief this court deems appropriate.

### COUNT III – BREACH OF THE CHRISTOPHER GUARANTY AGREEMENT
**(against Christopher)**

49. Paragraphs 1-48 above, are incorporated by reference as if fully restated herein this Count III.

50. Christopher signed the Christopher Guaranty in his personal capacity.

51. The Christopher Guaranty was supported by additional consideration from Omnisure.

52. By September 24, 2014, Imperial's Reserve Account was depleting, and Imperial was failing to timely make its payment obligations to Omnisure.

53. As an incentive to continue Omnisure's business with Imperial, and to secure Omnisure against the greater risk of default by Imperial, Christopher executed the Christopher Guaranty Agreement in Omnisure's favor.

54. Christopher derived an economic benefit from Omnisure's continued business with Imperial.

55. Christopher, by signing the Christopher Guaranty Agreement, promised to pay all debts owed by Imperial to Omnisure under the Imperial Seller Agreement, as amended.

56. Christopher is obligated to pay Omnisure for all amounts due to Omnisure by Imperial.

57. Omnisure has made due demand on Christopher to pay these amounts but Christopher has failed to pay.

58. Christopher's failure to pay Omnisure for all amount due to Omnisure from Imperial is a breach of the Christopher Guaranty Agreement.

**WHEREFORE** the Plaintiff Omnisure Group, LLC respectfully requests that this court enter judgment against Christopher Senn for **$320,198.54** plus additional amounts and interest that continues to accrue, attorneys' fees, and for any other relief this court deems appropriate.

### COUNT IV – BREACH OF THE NELSON GUARANTY AGREEMENT
### (against Sherry and Michael)

59. Paragraphs 1-58 above, are incorporated by reference as if fully restated herein this Count IV.

60. Sherry and Michael (collectively the "Nelsons") signed the Nelson Guaranty Agreement in their individual capacities.

61. The Nelson Guaranty was supported by additional consideration from Omnisure.

62. By September 24, 2014, Imperial's Reserve Account was depleting, and Imperial was failing to timely make its payment obligations to Omnisure.

63. As an incentive to continue Omnisure's business with Imperial, and to secure Omnisure against the greater risk of default by Imperial, the Nelsons executed the Nelson Guaranty Agreement in Omnisure's favor.

64. The Nelsons, by signing the Nelson Guaranty Agreement, promised to pay all debts owed by Imperial to Omnisure under the Imperial Seller Agreement, as amended.

65. The Nelsons are obligated to pay Omnisure for all amounts due to Omnisure by Imperial.

66. Omnisure has made due demand on the Nelsons to pay these amounts but the Nelsons have failed to pay.

67. The Nelsons' failure to pay Omnisure for all amount due to Omnisure from Imperial is a breach of the Nelson Guaranty Agreement.

**WHEREFORE** the Plaintiff Omnisure Group, LLC respectfully requests that this court enter judgment against Sherry Nelson and Michael Nelson for **$320,198.54** plus additional amounts and interest that continues to accrue, attorneys' fees, and for any other relief this court deems appropriate.

### COUNT V – BREACH OF THE JOHN GUARANTY AGREEMENT
### (against John)

68. Paragraphs 1-67 above, are incorporated by reference as if fully restated herein this Count V.

69. John signed the John Guaranty in his personal capacity.

70. The John Guaranty was supported by additional consideration from Omnisure.

71. By October 10, 2014, Imperial's Reserve Account was again depleting, and Imperial was again failing to timely make its payment obligations to Omnisure.

72. As an incentive to continue Omnisure's business with Imperial, and to secure Omnisure against the greater risk of default by Imperial, John executed the John Guaranty Agreement in Omnisure's favor.

73. John derived an economic benefit from Omnisure's continued business with Imperial.

74. John, by signing the John Guaranty Agreement, promised to pay all debts owed by Imperial to Omnisure under the Imperial Seller Agreement, as amended.

75. John is obligated to pay Omnisure for all amounts due to Omnisure by Imperial.

76. Omnisure has made due demand on John to pay these amounts but John has failed to pay.

77. John's failure to pay Omnisure for all amount due to Omnisure from Imperial is a breach of the John Guaranty Agreement.

**WHEREFORE** the Plaintiff Omnisure Group, LLC respectfully requests that this court enter judgment against John Conlon for **$320,198.54** plus additional amounts and interest that continues to accrue, attorneys' fees, and for any other relief this court deems appropriate.

Dated: December 4, 2015

Respectfully Submitted:

/s/ R. Timothy Novel

R. Timothy Novel
One of Plaintiff's Attorneys

Robert G. Markoff
R. Timothy Novel – ARDC # 6297303
Chirag H. Patel – ARDC # 6306711
**MARKOFF LAW LLC**
Attorneys for Plaintiff - 1767500
29 N. Wacker Drive # 550
Chicago, IL 60606
Tel. (312) 698-7300
Fax. (312) 698-7399
service@markofflaw.com